UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 18-602 JVS (JDEx) | | Date | February 27, 2019 |
| Title | Terra Tech Corp. v. Kenneth Vandevrede et al. | | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | James V. Selna | | |
| | Karla J. Tunis | | Not Present |
| | Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | | Attorneys Present for Defendants: |
| Not Present | | | Not Present |

**Proceedings:** **(IN CHAMBERS)**     **Order Granting Defendants' Motion to Dismiss Third Amended Complaint**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby GRANTS the Defendants' Motion to Dismiss and rules in accordance with the tentative ruling as follows:**

Defendants Kenneth Vande Vrede ("Kenneth")[1], Steven Vande Vrede ("Steven"), and Michael Vande Vrede ("Michael") (collectively, the "Defendants"), moved to dismiss Plaintiff Terra Tech Corp.'s ("Terra Tech") Third Amended Complaint ("TAC") as to all Defendants, except Kenneth, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Mot., Docket No. 113.) Terra Tech opposed.[2] (Opp'n, Docket No. 118.) Defendants replied. (Reply, Docket No. 123.)

For the following reasons, the Court **grants** the motion to dismiss.

## I. BACKGROUND

---

[1] The Court uses the Defendants' first names to avoid confusion.

[2] Terra Tech also requested judicial notice for Kenneth, Michael, and Steven's Form 4s. (RJN, Docket No. 118-1.) Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). The Court takes judicial notice of the documents in the Request for Judicial Notice ("RJN") pursuant to Fed. R. Evid. 201. All of the documents in the RJN contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-602 JVS (JDEx)                    Date   February 27, 2019

Title        Terra Tech Corp. v. Kenneth Vandevrede et al.

The allegations of this case are well-known to the parties and to the Court.[3]  This action arises out of Defendants' alleged misconduct against Terra Tech.  (See TAC, Docket No. 112 ¶¶ 13–107.)  The Defendants reside in New Jersey. (Id. ¶¶ 3–5.)  Terra Tech is a Nevada corporation with its principle place of business in California.  (Id. ¶ 2.)  In 2013, Terra Tech entered into the Share Exchange Agreement ("SEA") with Defendants.  (Id. ¶¶ 20, 23.)  Pursuant to the SEA, Terra Tech sold 1.25 million of its shares in exchange for all shares of Edible Garden Corp. ("Edible Garden"), a Nevada corporation with its principle place of business in New Jersey.  (Id. ¶¶ 23, 38; Carter Decl., Docket No. 104-7, Ex. A at 1.)  After the sale, Edible Garden became a subsidiary of Terra Tech. (TAC, Docket No. 125 ¶ 24.)  The SEA contains the following provision:

> 11.7 Choice of Law
> This Agreement shall be construed in accordance with and governed by the laws of the State of Nevada without regard to choice of law principles. Each of the parties hereto consents to the jurisdiction of the courts of the State of California, County of Orange and to the federal courts located in the County of Orange, State of California.

(Carter Decl., Docket No. 104-7, Ex. A ¶ 11.7.)

Terra Tech made Kenneth a director of Terra Tech prior to the close of the SEA through a term of the SEA at Article III, Section 3.10(c).  (TAC, Docket No. 112 ¶ 32.)  A condition of closing was that Michael and Steven would become directors of Terra Tech.  (Id. ¶ 33; Carter Decl., Docket No. 104-7, Ex. A ¶ 8.2(e).)  Steven and Michael traveled to California at least once a year in their capacity as Terra Tech board members.  (TAC, Docket No. 112 ¶ 10.)  Defendants also signed a Securities Purchase Agreement ("SPA") along with Terra Tech CEO, Derek Peterson ("Peterson").  (Peterson Decl., Docket No. 118-5, Ex. F.)

Pursuant to Article VI, Section 6.1 of the SEA, the parties agreed that they "may receive Confidential Information in connection with this Transaction. . . ."  (Id. ¶ 36;

---

[3] For ease, the Court cites to certain documents submitted in the parties' prior briefs when the information contained is either undisputed or unchanged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-602 JVS (JDEx)                Date    February 27, 2019

Title        Terra Tech Corp. v. Kenneth Vandevrede et al.

Carter Decl., Docket No. 104-7, Ex. A ¶ 6.1.)  "Confidential Information" is defined in relevant part by the SEA at Exhibit A thereto as:

> all nonpublic information disclosed by one party or its agents (the "Disclosing Party") to the other party or its agents (the "Receiving Party") [. . . including] nonpublic information relating to the Disclosing Party's technology, customers, vendors, suppliers, business plans, intellectual property, promotional and marketing activities, finances, agreements, transactions, financial information and other business affairs . . . .

(Carter Decl., Docket No. 104-7, Ex. A at 35.)

On November 4, 2015, Kenneth, Steven, and Michael signed the Terra Tech Code of Ethics.  (TAC, Docket No. 112 ¶ 43.)  The Code requires that the Defendants avoid all actual conflicts and report even suspected conflicts.  (Id. ¶ 45.)  Steven and Michael are directors for Psyblock LLC ("Psyblock").  (Id. ¶ 46.)  They did not disclose their positions with Psyblock to Terra Tech.  (Id. ¶ 48.)  Terra Tech alleges that it has conflicting interests with Psyblock.  (Id.)  In 2016 and 2017, each Defendant signed a Terra Tech Stock Option Agreement containing non-compete and non-solicitation clauses.  (Id. ¶¶ 53, 54.)  Between early 2017 and mid-2018, Kenneth exchanged emails with other business entities with regards to corporate opportunities that could potentially benefit Gro-Rite, Inc. ("Gro-Rite"), and Naturally Beautiful Plant Products, LLC ("NBPP") at the expense of Terra Tech. (Id. ¶¶ 59–99.)  Kenneth forwarded three of these emails to Steven and Michael.  (Id. ¶¶ 59, 64, 89.)

On April 10, 2018, Gro-Rite, NBPP, and Whitetown Realty, LLC ("Whitetown") filed suit in the Superior Court of New Jersey, Law Division, Morris Vicinage, in the matter captioned Gro-Rite, Inc., Naturally Beautiful Plant Products, LLC, and Whitetown Realty, LLC v. Terra Tech Corp. and Edible Garden Corp.  (Docket No. 71-3.)  The suit alleges breach of marketing, distribution, and lease agreements.  (Mot., Docket No. 102-1 at 2.)  Terra Tech filed an answer to the Complaint and counterclaimed, acceding to personal jurisdiction in New Jersey.  (Docket No. 71-6.)

On April 11, 2018, Kenneth, Michael, and Steven Vande Vrede filed suit against Terra Tech and Edible Garden in Superior Court of New Jersey in a matter captioned

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-602 JVS (JDEx)                    Date   February 27, 2019

Title   Terra Tech Corp. v. Kenneth Vandevrede et al.

Kenneth Vande Vrede, et als. v. Terra Tech Corp, et als. based on allegations of adverse actions taken against them vis à vis their former employment and directorships with Terra Tech and Edible Garden.  (Docket No. 71-7.)  The case has since added additional plaintiffs and been consolidated with the other New Jersey Superior Court case involving the overlapping parties on September 19, 2018.  (Bevacqua Decl., Docket No. 71-2 ¶ 3.)

On April 11, 2018, Terra Tech also filed a complaint in this Court.  (Compl., Docket No. 1.)  Terra Tech has filed two amended complaints, and this TAC asserts seven causes of action.  (TAC, Docket No. 113.)  Terra Tech alleges that the Defendants conspired to steal Terra Tech's property and usurp corporate opportunities from Terra Tech to benefit Gro-Rite, NBPP, and Psyblock.  (Id. ¶¶ 57–107.)  Terra Tech also alleges that other family members of the Defendants "conspired" with them "for their own personal gain, and otherwise [to] compet[e] with Terra Tech."  (Id. ¶¶ 57, 149.)

## II. LEGAL STANDARD

### A.    Fed R. Civ. Proc. 12(b)(2)

Before trial, nonresident defendants may move to dismiss the case for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Personal jurisdiction refers to a court's power to render a valid and enforceable judgment against a particular defendant.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); Pennoyer v. Neff, 95 U.S. 714, 720 (1877), overruled in part by Shaffer v. Heitner, 433 U.S. 186, 206 (1977).  The contours of that power are shaped, in large part, by the Due Process Clause of the Fourteenth Amendment, which requires sufficient "contacts, ties, or relations" between the defendant and the forum state before "mak[ing] binding a judgment *in personam* against an individual or corporate defendant."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945).  Due Process requires that "there exist 'minimum contacts' between the defendant and the forum" in order to protect the defendant "against the burdens of litigating in a distant or inconvenient" court and lend "a degree of predictability to the legal system."  World-Wide Volkswagen, 444 U.S. at 291–92, 297.

Jurisdiction must also comport with law of the forum state.  See Fed. R. Civ. P. 4(k)(1)(A); Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc).  Because California's long-arm statute allows the exercise of jurisdiction on any basis consistent with the state and federal constitutions, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-602 JVS (JDEx)                    Date   February 27, 2019

Title      Terra Tech Corp. v. Kenneth Vandevrede et al.

jurisdictional analyses of state law and federal due process are the same.  Cal. Code. Civ. Proc. § 410.10; see also Yahoo!, 433 F.3d at 1205.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  Plaintiff's allegations of jurisdictional facts must also be supported by competent proof.  Hertz Corp. v. Friend, 559 U.S. 77, 96–97 (2010).  In the absence of an evidentiary hearing, "[h]owever, this demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)).  To make the requisite showing, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant."  Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks and citation omitted).  In evaluating the plaintiff's showing, all uncontroverted allegations in the complaint are taken as true and all disputed facts are resolved in plaintiff's favor.  Id.; Schwarzenegger, 374 F.3d at 800.

A defendant may waive personal jurisdiction requirements prior to the initiation of suit.  M/S Bremen v. Zapata Off-shore Co., 407 U.S. 1, 11 (1972). Valid forum selection clauses, when freely negotiated and not unreasonable or unjust, constitute a waiver of personal jurisdiction requirements.  Id. at 12–13.  In diversity jurisdiction cases, federal law controls the interpretation and analysis of forum selection clauses because forum selection is a venue matter.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988).

Personal jurisdiction may be premised on general personal jurisdiction (based on a defendant's continuous presence in a state) or specific personal jurisdiction (based on specific contacts with the state specifically related to the claims at issue).

### 1.   General Personal Jurisdiction

For general jurisdiction to exist over a nonresident defendant, it must have affiliations with the forum state "so continuous and systematic as to render the foreign [defendant] essentially at home in the forum State."  Daimler AG v. Bauman, 571 U.S. 117, 133 n.11 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-602 JVS (JDEx)                    Date   February 27, 2019

Title   Terra Tech Corp. v. Kenneth Vandevrede et al.

U.S. 915, 919 (2011)) (internal quotation marks omitted).  In other words, a defendant's "continuous and systematic general business contacts" with the forum must "approximate physical presence" in the forum state.  Schwarzenegger, 374 F.3d at 801 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984) and Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)). Where general jurisdiction exists, the Court has jurisdiction over the defendant for all purposes, even in cases where the claims arise from dealings unrelated to those that establish jurisdiction.  Daimler, 571 U.S. at 127.

### 2.   Specific Personal Jurisdiction

A defendant is subject to specific personal jurisdiction only if a controversy arises out of or is sufficiently related to the defendant's contacts with the forum state. Goodyear, 564 U.S. at 919; see also Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).  The Ninth Circuit has established a three-part test to determine whether courts may exercise specific jurisdiction over a nonresident defendant:

> (1)   The nonresident defendant purposefully directs his activities or consummates some transaction with the forum or the forum's resident; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; and
>
> (2)   The claim arises out of or results from the nonresident defendant's forum-related activities; and
>
> (3)   The exercise of jurisdiction comports with fair play and substantial justice (i.e., jurisdiction is reasonable).

Schwarzenegger, 374 F.3d at 802 (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).  The plaintiff bears the burden on the first two prongs.  Id.  If the plaintiff fails to satisfy either prong, "jurisdiction in the forum would deprive the defendant of due process of law."  Omeluk, 52 F.3d at 270.  "If the plaintiff succeeds in satisfying both of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 18-602 JVS (JDEx) | | Date | February 27, 2019 |
| Title | Terra Tech Corp. v. Kenneth Vandevrede et al. | | | |

the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)).

## III. DISCUSSION

### A. Motion to Dismiss for Lack of Personal Jurisdiction

The Court has already determined based on facts similar to the ones alleged in the TAC that the Court does not have personal jurisdiction over Michael and Steven in this case.[4]  (Order, Docket No. 110 at 18.)  Nonetheless, Terra Tech has specified the thirteen contacts that it argues give rise to personal jurisdiction.  (Opp'n, Docket No. 118 at 10–11.)  The Court will address each of these alleged contacts.

### 1. Scope & Applicability of Forum-Selection Clause

As a threshold issue, the Court must first determine "the [forum-selection] clause's scope and applicability" and then "determine whether the clause applies to the behavior at issue."  In re Cathode Ray Tube (CRT) Antitrust Litig., No. CV 07-5944 SC, 2014 WL 2581581, at *4 (N.D. Cal. June 9, 2014) (citing Peterson v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013)).

#### a. Whether a Contract Exists

"Before the court may consider the impact of any forum selection clause on plaintiff's choice of forum and the motion to transfer, it must first determine whether a contract exists and, if so, whether it contains the forum selection clause at issue." Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co., 2014 WL 6390282 at

---

[4] The Court notes that the TAC alleges that the SEA closing took place in California.  (TAC, Docket No. 113 ¶¶ 8, 38, 39.)  Defendants, however, have submitted multiple declarations indicating that the closing actually took place in New Jersey and that Terra Tech's CEO, Derek Peterson, traveled to New Jersey to execute the document.  (Michael Decl., Docket No. 113-3 ¶ 3; Steven Decl., Docket No. 113-2 ¶ 3.)  Peterson concedes that he did travel to New Jersey to meet Defendants in person, and Terra Tech's opposition brief is silent as to the location of closing.  (Peterson Decl., Docket No. 118-5 ¶ 3.)  The Court thus interprets this concession to mean that the closing for the SEA did not, in fact, take place in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-602 JVS (JDEx) | Date | February 27, 2019 |
| Title | Terra Tech Corp. v. Kenneth Vandevrede et al. | | |

*3 (E.D. Cal. Nov. 13, 2014) (citing Kedkad v. Microsoft Corp., 2013 WL 4734022 at *3 (N.D. Cal. Sept. 3, 2013)).

Here, the parties do not dispute that the SEA is a valid contract that contains a forum-selection clause.  (David Decl., Docket No. 104-8, Ex. A at 31.)

### b.      Scope and Applicability

"In order to determine the scope of the forum selection clause, the Court must examine its construction."  Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc., No. CV 09-3627 PSG (AJWx), 2010 WL 5572079, at *5 (C.D. Cal. Mar. 19, 2010) (citing Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1464 (9th Cir. 1983)). The forum selection clause provides:

> This Agreement shall be construed in accordance with and governed by the laws of the State of Nevada without regard to choice of law principles. Each of the parties hereto consents to the jurisdiction of the courts of the State of California, County of Orange and to the federal courts located in the County of Orange, State of California.

(David Decl., Docket No. 104-8, Ex. A at 31.)  The Court previously found that the SEA's forum selection clause is ambiguous and should thus be construed "narrowly to encompass only claims arising under the SEA."  (Order, Docket No. 98 at 9.)

### c.      Enforceability

If a venue is specified with mandatory language, then a forum-selection clause will be enforced, but it will not be enforced if the language is permissive.  Compare Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989) (holding that "shall be deemed to be in Gloucester County, Virginia" was mandatory language requiring enforcement of the forum-selection clause) with Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987) (holding that "[t]he courts of California, County of Orange, shall have jurisdiction" was permissive language not designating an exclusive forum, thereby precluding enforcement of the forum-selection clause).  "To be mandatory, a clause must contain language that clearly designates a forum as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 18-602 JVS (JDEx) | | Date | February 27, 2019 |
| Title | Terra Tech Corp. v. Kenneth Vandevrede et al. | | | |

exclusive one." N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995).

Here, no venue is specified with mandatory language. Nonetheless, the SEA indicates that all parties consent to the jurisdiction of both state and federal courts in Orange County, California. Since the Court construes the scope of the forum-selection clause narrowly to apply only to claims arising from the SEA, the Court must determine whether Terra Tech's claims from the TAC arise from that agreement.

### d.    Whether Claims are Covered by the SEA

### 1.    Breach of Fiduciary Duty

The first claim of the TAC alleges that Defendants breached Article 9 of the SEA by failing to take reasonable actions to ensure that the Defendants loyally carried out their director duties to Terra Tech and competing with Terra Tech in the cannabis industry. (TAC, Docket No. 112 ¶ 117.) In addition, the TAC alleges that Defendants breached Article 6.1 of the SEA by disseminating confidential information they obtained during and as a result of the SEA, including confidential forecasting and business plans. (Id. ¶¶ 36, 116.)

Terra Tech repeats its prior contention that the SEA created fiduciary duties for Defendants because but for the SEA, Kenneth, Michael, and Steven would not have been on the board of directors of Terra Tech. (Opp'n, Docket No. 118 at 7.) Terra Tech attaches Defendants' complaint from their case against Terra Tech in New Jersey, which alleges a breach of contract with respect to the SEA for "wrongfully and improperly terminating Kenneth, Michael, and Steven as directors, officers, and employees" of Terra Tech or Edible Garden. (Amended Complaint, Docket No. 118-4, Ex. E ¶ 142.) But this Court has already determined that the SEA did not make Michael and Steven directors. (Order, Docket No. 98 at 9.) Thus, the Court does not find that any breach of fiduciary duties arises from the SEA as to Claim 1 (Breach of Contract) or Claim 2 (Breach of Fiduciary Duty).

### 2.    Disseminating Confidential Information

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 18-602 JVS (JDEx) | | Date | February 27, 2019 |
| Title | Terra Tech Corp. v. Kenneth Vandevrede et al. | | | |

Terra Tech also argues that Section 6.1 prohibits any party who received confidential information from disclosing it without the disclosing party's written consent. (Opp'n, Docket No. 118 at 9; SEA, Ex. A.)  The Court agrees with Terra Tech that the "confidential information" described in the SEA is not expressly limited to the information exchanged for the SEA itself, and thus dissemination of confidential information—even in 2017 or 2018—could constitute a breach.

The TAC includes the following allegation:

> Defendants breached the terms of the SEA when they disseminated Terra Tech's confidential forecasting and other business plans Defendants obtained during the negotiation and close of the SEA in 2013 to their potential business partners in order to unlawfully compete with Terra Tech.  Defendants disclosed Terra Tech's confidential information without Terra Tech's consent.

(TAC, Docket No. 113 ¶ 116.)  While the TAC states that "Defendants" disseminated this information, the factual allegations only indicate that Kenneth is alleged to have disseminated confidential information.  (See id. ¶¶71, 72, 91, 92, 94, 98.)

While the TAC indicates the confidential information that Kenneth shared and whom he shared them with, Terra Tech has not met its burden of demonstrating that Court has personal jurisdiction over moving Defendants for Claim 1 (Breach of Contract) or Claim 5 (Breach of Covenant of Good Faith and Fair Dealing).

### 3.    Fraud

The TAC alleges two types of fraud against Defendants: promissory fraud (TAC ¶¶ 123-135, 142, 143) and concealment (Id. ¶¶136-138, 140-142.)  Specifically, Terra Tech claims that Defendants fraudulently induced Terra Tech to enter into the SEA by promising that Terra Tech would be the first in the cannabis market in New Jersey and that Defendants should have disclosed conflicts of interest in accordance with the fiduciary duties arising from Section 9 of the SEA and their obligations relating to confidential information under Section 6.1.  (Id. ¶ 134.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-602 JVS (JDEx)                    Date   February 27, 2019

Title        Terra Tech Corp. v. Kenneth Vandevrede et al.

The Court previously acknowledged that the parties agreed to an integration clause in Section 11.3 of the SEA:

> This Agreement and the other Transactional Agreements contain the entire agreement of the parties hereto, and supersede any prior written or oral agreements between them concerning the subject matter contained herein, or therein.  There are no representations, agreements, arrangements or understandings, oral or written, between the parties to this Agreement, relating to the subject matter contained in this Agreement and the other Transaction Agreements, which are not fully expressed herein or therein.

(TAC, Docket No. 112-1, Ex. A § 11.3.)  The Court found that the integration clause that the parties agreed to explicitly indicates that there would be no other agreements such as that suggested by Terra Tech in its allegations as to fraudulent inducement.  (Order, Docket No. 110 at 16.)  Thus, this claim cannot arise from the SEA.  The other claims for fraud that Terra Tech claims give the Court personal jurisdiction over Defendants under the SEA fail for the same reasons described above—Michael's and Steven's fiduciary duties do not arise from the SEA and any allegations regarding confidentiality have not been sufficiently pled as to any Defendants other than Kenneth.  Thus, the Court does not have personal jurisdiction over Defendants based on the SEA.

**2.      Minimum Contacts**

Terra Tech argues that they have established that the Court has personal jurisdiction over Defendants based on sufficient minimum contacts.  For the third (conversion), sixth (misappropriation of trade secrets), and seventh (conspiracy) claims, Terra Tech states that the "purposeful direction" standard applies to give the Court personal jurisdiction over Defendants.  "Purposeful direction" analysis employs the "effects test," which is satisfied if the defendant "(1) commits an intentional act; (2) expressly aimed at the foreign state; (3) causing harm in the foreign state that the defendant knew was likely to be suffered in that state."  CE Distribution, LLC v. New Sensor Corp., 380 F.3d 1107, 1111 (9th Cir. 2004)

Terra Tech alleges that Defendants committed intentional acts by stealing intellectual property, improperly acquiring and disclosing trade secrets, and conspiring to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-602 JVS (JDEx) | Date | February 27, 2019 |
| Title | Terra Tech Corp. v. Kenneth Vandevrede et al. | | |

steal and misappropriate trade secrets.  (TAC, Docket No. 112 ¶¶ 128, 153, 160.)  Terra Tech indicates that it suffered injury in California, where it has its principal place of business, satisfying the third prong of the effects test.  (Opp'n, Docket No. 104-1 at 18.)  Finally, Terra Tech states that the alleged intentional acts were directed at California because Defendants are competing in California markets.  (Id. ¶¶ 1, 9, 31, 74, 80, 93.)  Terra Tech argues that because Defendants have not provided evidence that they have not competed with Terra Tech in California, their allegation of Defendants' competition in California must be taken as true such that there has been purposeful direction.  (Opp'n, Docket No. 118 at 20.)  See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002) ("[T]he plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss.  In determining whether [plaintiff] has met this burden, uncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor."); Love v. Associated Newspapers, Ltd., 611 F.3d 601, 609 (9th Cir. 2010) ("[T]he 'expressly aimed' prong of the purposeful direction test can be met where a plaintiff alleges that the defendant individually targeted him by misusing his intellectual property on the defendant's website for the purpose of competing with the plaintiff in the forum.").

The Court finds that Terra Tech has not made a prima facie showing that the moving Defendants have purposefully directed their conduct at California.  The TAC does not contain *facts* alleging that they are competing in California such that the purposeful direction at the forum state can be established; rather, it contains conclusory allegations.  That California is one of several states that has legalized recreational use of cannabis does not lead to the inference that Defendants *must* be competing there with Terra Tech.  And while Terra Tech has alleged that there are Chill Waze documents emailed to Kenneth, that does not indicate that the other moving Defendants would have usurped that opportunity.   (TAC, Docket No. 112 ¶ 74.)

While Terra Tech contends that the absence of evidence from Defendants stating that they have not competed with Terra Tech in California indicates that they have met their prima facie case, Defendants instead point out that it is not their burden to disprove this type of conclusory allegation.  (Opp'n, Docket No. 118 at 20; Reply, Docket No. 123 at 4.)  Terra Tech's TAC contains no new factual allegations related to Defendants competing in California.  Compare id. ¶¶ 1, 9, 31, 74, 80, 93 with SAC, Docket No. 99 ¶¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-602 JVS (JDEx) | Date | February 27, 2019 |

| | |
|---|---|
| Title | Terra Tech Corp. v. Kenneth Vandevrede et al. |

1, 12, 32, 72, 78, 91.  Thus, Terra Tech has not established that the Court has personal jurisdiction over the moving Defendants as to the third, sixth, and seventh claims.

Terra Tech's final argument is that the application of the purposeful availment standard confers jurisdiction on all causes of action because they have intentionally sought out business opportunities in California.  (Opp'n, Docket No. 118 at 8.)  In particular, Terra Tech alleges that (1) Defendants filed their SEC Form 4s indicating that their address was in Irvine, California (RJN, Docket No. 118-1, Exs. B, C.); (2) the SEA contains a forum-selection clause in California (TAC, Docket No. 112, Ex. A.); (3) the SPA indicates that disputes would be litigated in California (Id., Ex. F.); (4) Defendants sought out a business relationship with Terra Tech (Id. ¶¶ 18, 19); (5) Kenneth, Michael and Steven insisted on being made officers and directors of Terra Tech, (6) who regularly traveled to California (TAC, Docket No. 113 ¶ 10); (7) Defendants' knew their employee files were maintained in California (Id. ¶ 11); (8) Defendants' benefits were administered in California (Id. ¶ 11); (9) the investigation leading to this action took place in California (Id.); (10) Defendants do not deny conducting business with California residents; (11-13) Defendants do not deny working with California entities and receiving profits from California residents.  (Opp'n, Docket No. 118 at 11).  See Burger King Corp., 471 U.S. at 479 ("[W]e have emphasized the need for a 'highly realistic' approach that recognizes that a 'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.'") (internal citations omitted); Boschetto v. Hansing, 539 F.3d 1011, 1016–17 (9th Cir. 2008) (recognizing that personal jurisdiction over a non-resident is established when the defendant engages in "affirmative conduct which allows or promotes the transaction of business within the forum state," including "creat[ing] ongoing obligations" in California).

Defendants argue that Defendants' father's contact via LinkedIn is insufficient for establishing personal jurisdiction over *Defendants* in California.  (Reply, Docket No. 123 at 2.)  In addition, Defendants contend that their insistence on becoming officers and directors of Terra Tech is irrelevant to their contacts with the state of California.  (Id.) See Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1070 (9th Cir. 2017) ("[Courts] must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.") (citing Walden v. Fiore, 571 U.S. 277, 289 (2014)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-602 JVS (JDEx)                           Date    February 27, 2019

Title       Terra Tech Corp. v. Kenneth Vandevrede et al.

       Defendants also state that the existence of the forum-selection clauses in the SEA and SPA are contract terms, not a contact with California or evidence of purposeful availment.  (Reply, Docket No. 123 at 2.)  Defendants point out that Terra Tech cites no Ninth Circuit cases to support its position.[5]  (Id.)  Defendants likewise contend that the SPA is irrelevant to the causes of action pled in the TAC.  (Id. at 3.)

       Third, Defendants dispute that Michael's and Steven's travels to California once per year for board meetings (amounting to a total of five visits over five years) is sufficient for establishing specific jurisdiction, particularly since the TAC does not indicate that any of the alleged misconduct stems from their attendance at board meetings and the Court has already found these contacts insufficient.  (Id. at 3.)  In addition, Defendants argue that Michael's and Steven's SEC Form 4s filed for their nonqualified stock options are not relevant to this case, and that the Irvine address listed is Terra Tech's address.  (Id.)

       Defendants also point out that the contacts related to the employee files, health benefits, and internal investigation involve Terra Tech's contact with the state of California, not Defendants'.  (Id. at 3–4.)  Finally, Defendants contend that Terra Tech's suggestion that there is personal jurisdiction because Defendants have not denied conducting business in California impermissibly shifts the burden of proof to them.  (Id. at 4.)

       Several of the "contacts" listed by Terra Tech are ones that have already been considered and found insufficient by the Court.[6]  As for the Form 4s, the Court does not find that these documents establish contacts by Michael and Steve with the state of California, particularly since the address listed is Terra Tech's, not their residence.  While the SEA and SPA have forum-selection clauses, the Court has already determined that the claims must arise from such agreements.  In the absence of binding authority, the Court

_____

       [5] Terra Tech cites district court cases from Missouri to support its contention.  See, e.g., In re Texas Prisoner Litigation, 41 F. Supp. 2d. 960, 964 (W.D. Mo. 1999) ("[T]he choice of law and forum selection clauses are evidence that [party] availed itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protection of its laws.").

       [6] The Court already found that Michael's and Steven's attendance at five board meetings in five years was insufficient, as was Defendants' father's contacting Terra Tech.  (Order, Docket No. 110 at 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-602 JVS (JDEx)          Date   February 27, 2019

Title      Terra Tech Corp. v. Kenneth Vandevrede et al.

will not expand such clauses to encompass claims beyond those that arise under the agreements.  Defendants' insistence on being made officers and directors of Terra Tech relate to their contact with Terra Tech, not with the state of California.  The same is true for the allegations regarding the employee files, benefits, and investigation related to this case—these represent contacts either with Terra Tech or, alternatively, Terra Tech's contacts with the state of California, not Defendants'.  And as previously discussed, Terra Tech has not included factual allegations regarding any targeting of the state of California or its residents by Michael and Steven with respect to any business or competition that they may have pursued.  Thus, the Court finds that Terra Tech has not established that there is personal jurisdiction over Michael and Steven.

**3.     Jurisdictional Discovery**

Terra Tech requests that it be "given an opportunity to engage in discovery directed at the issue of personal jurisdiction over the moving Defendants, and leave to amend its complaint as necessary."  (Opp'n, Docket No. 118 at 25.)  The Court **denies** this request.

**IV. CONCLUSION**

For the foregoing reasons, the Court **grants with prejudice** Defendants' motion to dismiss the TAC for lack of personal jurisdiction.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |